UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et.al.,<br><br>    Defendants. | Case No.: 1:20-cv-00896-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(ECF No. 13) |

Plaintiff Barry Louis Lamon is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 21, 2020, the undersigned screened Plaintiff's complaint, found that Plaintiff stated separate cognizable claims for retaliation against Defendants Jones, Moffett, Moore, Alvarez, Eaker, Gonzalez, Rivera-Sierra, Ronquillo, Luna, Ramirez, Goss, Bennett-Beach and Velasco, separate cognizable claims for failure to protect against Defendants Corona, Loera, Ramirez, Eaker, Luna, Jones, Moffett, Moore, Alvarez, Ronquillo, Luna, Rivera-Sierra and Clare, a cognizable Bane Act claim against Corona, Jones, Moffett, Moore, Alvarez, Eaker, Gonzalez, Rivera-Sierra, Ronquillo, Luna, Ramirez, Goss, Bennett-Beach, Loera and Velasco, and a cognizable intentional infliction of emotional distress claim against Defendants Corona, Jones, Moffett, Moore, Alvarez, Eaker,

Gonzalez, Rivera-Sierra, Ronquillo, Luna, Ramirez, Goss, Bennett-Beach, Loera Velasco, and Plaintiff was granted leave to file an amended complaint or notify the Court of his intent to proceed only on the claims found to be cognizable. (ECF No. 11.)

On August 3, 2020, Plaintiff filed an equivocal notice of intent to proceed on the claims found to be cognizable. (ECF No. 13.) Plaintiff titles his motion, "Plaintiff's consent to proceeding on those claims the court has found cognizable [in part], objections to other findings, and statement of decision to stand on the complaint." (Id.) Plaintiff contends that he states a cognizable failure to protect claim against Defendants Stark and Pfeiffer, and has stated a cognizable state law tort claim for loss of his personal property. (Id.)

Plaintiff is advised that the Court's July 21, 2020 order was not a final order as he was granted leave to file an amended complaint, if so desired. Thus, at this juncture, if Plaintiff disagrees with the Court's July 21, 2020 screening order, he should file an amended complaint attempting to cure the deficiencies outlined in the court's order.[1] If Plaintiff files an amended complaint and the Court issues a recommendation to dismiss certain claims and/or Defendants, Plaintiff may at that time file objections, if so desired.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a blank amended civil rights complaint form; and

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either file an amended complaint or file an unequivocal notice of intent to proceed on claims found to be cognizable.

IT IS SO ORDERED.

Dated:  **August 6, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, any amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.