UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>        Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et.al.,<br><br>        Defendants. | Case No.: 1:20-cv-00896-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>[ECF No. 16] |

Plaintiff Barry Louis Lamon is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court a declaration filed by Plaintiff regarding actions taken by prison officials at Mule Creek State Prison, filed August 28, 2020. Plaintiff requests that the Court issue an order directing the litigation coordinator at Mule Creek State Prison to provide a written explanation of the procedures utilized for photocopying and mailing legal documents. The Court construes Plaintiff's request as a request for a preliminary injunction.

## I.

## LEGAL STANDARDS

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy

1

Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party serve must appear to defend."). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places

significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## II.

## DISCUSSION

In his request, Plaintiff seeks a preliminary injunction requests that the Court issue an order directing the litigation coordinator at Mule Creek State Prison to provide a written explanation of the procedures utilized for photocopying and mailing legal documents. Plaintiff contends that prison officials are instructing inmates to censor his outgoing personal and legal mail and he is being subjected to retaliation thereafter.

First, at this juncture of the case, the Court cannot determine that Plaintiff is likely to succeed on the merits of the Case. Second, the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983). Third, even if the Court had personal jurisdiction over the individuals named in the complaint, Plaintiff has failed to demonstrate imminent irreparable harm necessary to support a preliminary injunction. See Winter, 555 U.S. at 20; Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Plaintiff's motion is directed toward employees and individuals at Mule Creek State Prison for actions which took place after this case was filed, and against parties who are not and cannot be named defendants in this action. An injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Plaintiff is advised that if he feels the action of the named individuals amounts to a violation of his rights under 42 U.S.C. § 1983, he may seek relief through the grievance system and appeal process at the prison. Once he has exhausted all of his administrative remedies, he may seek help from the courts by filing a new action regarding the events at Mule Creek State Prison.

Lastly, Plaintiff's request for a court order directing further access to the law library must also be denied. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded. Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration. Plaintiff must demonstrate "actual injury" from the denial and/or delay of access. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate … must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to law library. Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Accordingly, Plaintiff's request for injunctive relief should be denied.

///
///
///

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 16), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 31, 2020**

UNITED STATES MAGISTRATE JUDGE