1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10

11    BARRY LOUIS LAMON,                    )   Case No.: 1:20-cv-00896-AWI-SAB (PC)
                                            )
12                    Plaintiff,            )
                                            )   FINDINGS AND RECOMMENDATION
13           v.                             )   RECOMMENDING PLAINTIFF'S MOTION
                                            )   FOR TEMPORARY RESTRAINING ORDER BE
14    C. PFEIFFER, et.al.,                  )   DENIED
                                            )
15                    Defendants.           )   (ECF No. 19)
                                            )
16                                          )
                                            )
17    _____      )

18           Plaintiff Barry Louis Lamon is appearing *pro se* and *in forma pauperis* in this civil rights
19    action pursuant to 42 U.S.C. § 1983.
20           Currently before the Court is Plaintiff's motion for a temporary restraining order, filed on
21    August 31, 2020.
22                                           **I.**
23                                  **LEGAL STANDARDS**
24           Procedurally, a federal district court may issue emergency injunctive relief only if it has
25    personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy
26    Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a
27    party officially, and is required to take action in that capacity, only upon service of summons or other
28    authority-asserting measure stating the time within which the party serve must appear to defend.).

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates.  "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief

1  that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of
2  the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

**II.**

**DISCUSSION**

First, as Plaintiff's first amended complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits.  Second, the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice.  Therefore, the Court has no personal jurisdiction over any Defendant at this time. Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983).   Third, even if the Court had personal jurisdiction over the individuals named in the complaint, Plaintiff has failed to demonstrate imminent irreparable harm necessary to support a preliminary injunction. See Winter, 555 U.S. at 20; Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiff contends that because he has filed grievances and civil rights actions, he has been subjected to retaliation and assaulted at various different institutions.  Such prior incidents and a committee report are insufficient to show that *he* will *likely* suffer irreparable harm if denied the requested relief. "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects.... Nor does speculation or subjective apprehension about future harm support standing." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (internal quotation marks and citations omitted).  Here, Plaintiff's potential future harm is too speculative to warrant a preliminary injunction. *See O'Shea v. Littleton*, 414 U.S. 488, 498 (1974) ("threat of injury ... too remote to satisfy the case-or-controversy requirement"). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citation omitted).

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. See, e.g., People v. Brewer, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas

corpus petitioners prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that this action cannot be used by Plaintiff obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a jurisdictional bar.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 16), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 1, 2020**

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28