UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et.al.,<br><br>　　　　　　Defendants. | Case No.: 1:20-cv-00896-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(ECF No. 39) |

Plaintiff Barry Louis Lamon is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status, filed on April 7, 2021.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's separate claims for retaliation against Defendants Jones, Moffett, Moore, Alvarez, Eaker, Gonzalez, Rivera-Sierra, Ronquillo, Luna, Ramirez, Goss, Bennett-Beach and Velasco, separate claims for failure to protect against Defendants Corona, Loera, Ramirez, Eaker, Luna Jones, Moffett, Moore, Alvarez, Ronquillo, Luna, Rivera-Sierra and Clare, Bane Act claim against Corona, Loera, Jones, Moffett, Moore, Alvarez, Eaker, Gonzalez, Rivera-Sierra, Ronquillo, Luna, Ramirez, Goss, Bennett-Beach, Velasco, and intentional infliction of

1

emotional distress claim against Defendants Corona, Loera, Jones, Moffett, Moore, Alvarez, Eaker, Gonzalez, Rivera-Sierra, Ronquillo, Luna, Ramirez, Goss, Bennett-Beach, Velasco.

On March 30, 2021, Defendants filed waivers of service of process.  (ECF No. 38.)

On April 7, 2021, Defendants filed the instant motion to revoke Plaintiff's in forma pauperis status.  (ECF No. 39.)  After receiving an extension of time, Plaintiff filed an opposition on May 27, 2021, and Defendants filed a reply on June 11, 2021.  (ECF Nos.  43, 44.)

On June 21, 2021, Plaintiff filed a sur-reply.  (ECF No. 45.)  On July 12, 2021, Defendants filed an opposition to the sur-reply, and Plaintiff filed a response on July 22, 2021.[1]  (ECF Nos. 46, 47.)

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  28 U.S.C. § 1915(g) provides that "In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute ... lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

---

[1] The Local Rules provide for a motion, an opposition, and a reply. See E.D. Cal. R. 230(l). There is nothing in the Local Rules or the Federal Rules that provides the right to file a sur-reply. The court generally views motions for leave to file a sur-reply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citation omitted). However, district courts have the discretion to either permit or preclude a sur-reply. See JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file a sur-reply where it did not consider new evidence in reply).  Plaintiff does not have the right to file a sur-reply, and he did not file a motion seeking leave to file a sur-reply.  However, in light of Plaintiff's pro se status the Court will deny motion to strike.  The Court has reviewed Plaintiff's sur-reply but finds that the arguments raised in the sur-reply do not change the court's analysis of Defendant's summary judgment motion.

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted.' We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)." In defining the terms frivolous and malicious, the Andrews court stated that, "we look to their 'ordinary, contemporary, common meaning.' Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact.' A case is malicious if it was filed with the 'intention or desire to harm another.' " Andrews, 398 F.3d at 1121 (internal quotations and citations omitted).

The Andrews court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *in forma pauperis* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id. at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal. El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In seeking revocation of Plaintiff's *in forma pauperis* status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews, 398 F.3d at 1120. "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." Id. "In sum, once a prisoner has been placed on notice of the potential disqualification under 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status." Id.

///
///
///
///

## III.

## DISCUSSION

Plaintiff initiated this action on June 7, 2020. Defendants argue that prior to that date, the following cases filed by Plaintiff were dismissed for the reasons set forth here:[2] (1) Lamon v. Adams, et al., Case No. 1:07-cv-01390-LJO-GBC (E.D. Cal. July 6, 2011) (dismissed with prejudice after finding that the matter was barred by res judicata as duplicative of Plaintiff's claims in the matter of Lamon v. Tilton, et al., 1:07-cv-00493-AWI-DLB (E.D. Cal.); (2) Lamon v. Stockman, Case No. 1:98-cv-06089-OWW-LJO (E.D. Cal. Aug. 17, 2000) (dismissed Plaintiff's third amended complaint on February 25, 2000, for failure to plead facts sufficient to state a claim upon which relief could be granted. Plaintiff failed to file a fourth amended complaint, and the case was dismissed on August 17, 2000, for failure to prosecute); (3) Lamon v. Tilton, et al., Case No. 09-15552 (9th Cir. June 1, 2009) (the Ninth Circuit found that "the questions raised in this appeal [were] so insubstantial as not to require further argument." The Court then summarily affirmed the lower court's order denying preliminary injunctive relief); and (4) Lamon v. Pliler, et al., Case No. 2:03-cv-00423-AK (E.D. Cal. Jan. 5, 2007) (the district court denied Plaintiff's motion for injunctive relief. Plaintiff filed a timely notice of appeal and requested the district court certify that his appeal was not frivolous. On October 4, 2006, the district court certified that Plaintiff's interlocutory appeal was not taken in good faith. On January 5, 2007, the Ninth Circuit found Plaintiff failed to follow the procedural appellate process as required by Federal Rule of Appellate Procedure 42-1, and dismissed the appeal for failure to pay the filing fee).

    **A.**    **Lamon v. Tilton, et al., No. 09-15552 (9th Cir. 2009)**

In Lamon v. Tilton, et al., the Ninth Circuit found that "the questions raised in this appeal [were] so insubstantial as not to require further argument." (Citation omitted). The district court's order denying preliminary injunctive relief was summarily affirmed.

---

[2] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

It is questionable whether this case constitutes a strike under § 1915(g), and the Court declines to make such finding, given the Court's finding there are three other prior actions that qualify as strikes. In Robinson v. Davey, Case No. 1:17-cv-01524-DAD-GSA, 2018 WL 11292345 (E.D. Cal. Apr. 16, 2018), this Court specifically found:

> [T]he Ninth Circuit's subsequent summary affirmance of that dismissal by the District Court, in which the appellate court noted that "[a] review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument," *see Robinson v. Davis*, 2:03-cv-02085-FCD, Doc. No. 74 (E.D. Cal. Mar. 10, 2010), does not constitute a strike for purposes of § 1915(g). This is the established law of the Ninth Circuit. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1045 (9th Cir. 2016) ("We hold that where an appellate decision simply affirms the district court, and does not dismiss the appeal on a statutorily enumerated ground, the appellate decision does not count as a separate strike."). In the appeal relied upon as a strike in the pending findings and recommendation, the Ninth Circuit did not dismiss the appeal on a statutorily enumerated ground, but instead affirmed the District Court's decision on the merits. Numerous District Courts have also come to the same conclusion that such summary affirmances do not count as separate strikes under § 1915(g). *See, e.g., Wyatt v. Sundaram*, No. 1:15-cv-00895-DAD-SAB, 2017 WL 427336, at *2 (E.D. Cal. Jan. 31. 2017); *Negrete v. Lewis*, No. 13–cv–05079–HSG (PR), 2015 WL 693590, at *2 (N.D. Cal. Feb. 18, 2015); *Morris v. Green*, No. 2:13–cv–0589 JAM CKD P, 2014 WL 4187126, at *3 (E.D. Cal. Aug. 20, 2014); *Morris v. Virga*, No. 2:10–cv–2069 GEB DAD P, 2013 WL 6185244, at *2 (E.D. Cal. Nov. 26, 2013); *Farley v. Virga*, No. 2:11–cv–1830 KJN P, 2012 WL 3070632, at *1 (E.D. Cal. July 26, 2012); *Thomas v. Felker*, No. 2:09–cv–2486 GEB CKD P, 2012 WL 2116406, at *4 (E.D. Cal. June 11, 2012)."

Id. at *1. Defendants do not acknowledge or address this Court's holding in Robinson v. Davey, and based on the reasoning therein, the Court declines to find that this action constitutes a strike under § 1915(g).

**B.    Lamon v. Pliler, No. 2:03-cv-00423-AK (E.D. Cal.)**

In Lamon v. Pliler, No. 2:03-cv-00423-AK (E.D. Cal. 2003), the district court denied Plaintiff's motion for injunctive relief. Plaintiff filed an interlocutory appeal and requested the district court certify that his appeal was not frivolous. The Ninth Circuit granted Plaintiff in forma pauperis status. On October 4, 2006, the district court certified that Plaintiff's interlocutory appeal was not taken in good faith. Thereafter, on January 5, 2007, the Ninth Circuit found Plaintiff failed to follow the procedural appellate process as required by the Federal Rule of Appellate Procedure 42-1, and dismissed Plaintiff's appeal for failure to pay the filing fee.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal in forma pauperis is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. Gardner v. Pogue, 558 F.3d 548, 550–51 (9th Cir.1977) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)) (quotation marks omitted); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir.2002).

If the appellate court finds that the district court erred in certifying the appeal was not taken in good faith, it may set aside the certification and grant leave to proceed in forma pauperis. O'Neal v. Price, 531 F.3d at 1150. Thus, in certifying that Plaintiff was not entitled to proceed in forma pauperis on appeal because his appeals were not taken in good faith, the district courts necessarily found that there were no non-frivolous issues. 28 U.S.C. § 1915(a)(3); Hooker, 302 F.3d at 1092; Gardner, 558 F.3d at 550–51. The Ninth Circuit did not disagree or set aside the certification. O'Neal v. Price, 531 F.3d at 1150. To the contrary, the appellate court found Plaintiff was not entitled to proceed in forma pauperis on appeal and ordered Plaintiff to pay the filing fee in full. An appellate court's reliance on a district court's finding that an appeal was not taken in good faith is "equivalent to a finding of frivolity." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013). Even if the dismissal of an appeal occurs later for another reason, the rejection of IFP status because an appeal is frivolous counts as a dismissal and a strike for purposes of § 1915(g). Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).

Here, the appellate court dismissed the appeal because Plaintiff did not pay the filing fee. However, under Richey, this later dismissal does not preclude this case from being considered a strike. Richey, 807 F.3d at 1208. Plaintiff contends that this interlocutory appeal does not constitute a strike because the case proceeded to a jury trial and he subsequently filed an appeal on all grounds, citing Tafari v. Hues, 473 F.3d 440 (2d Cir. 2007). An interlocutory appeal that is expressly dismissed by an appellate court as frivolous may count as a strike under § 1915(g), see King v. Anderson, 234 F. App'x 321 (5th Cir.2007); however, the mere dismissal of an interlocutory appeal for want of jurisdiction because the appeal is improvident and premature does not constitute a strike against a *pro se in forma pauperis* litigant. Tafari v. Hues, 473 F.3d 440 (2d Cir.2007). In this instance, the interlocutory appeal

6

was expressly determined to be frivolous because it was explicitly determined the appeal was not taken in good faith.[3] See Knapp v. Hogan, 738 F.3d at 1110 ("dismissed appeals clearly count as strikes because they relied on district court findings that the appeal '[was] not taken in good faith,' and lack of 'good faith" in this context has been held to be equivalent to a finding of frivolity.") (citations and footnote omitted).  Accordingly, this appeal constitutes a strike.

### C.      Lamon v. Adams, et al., No. 1:07-cv-01390-LJO-GBC (E.D. Cal)

In Lamon v. Adams, et al., 1:07-cv-01390-LJO-GBC, the Magistrate Judge recommended that the action be dismissed with prejudice after finding the matter was barred by res judicata as duplicative of Plaintiff's claim in the matter of Lamon v. Tilton, et al., 1:07-cv-00493-AWI-DLB (E.D. Cal.).

While a dismissal on res judicata grounds may not automatically constitute a strike, when considered among other factors for dismissal, a strike may be inferred.  See El-Shaddai v. Zamora, 833 F.3d 1036, 1043 (9th Cir. 2016) ("An alternative ground for dismissal can create a strike when it is 'a fully sufficient condition … for a dismissal with prejudice.'") (citing O'Neal v. Price, 531 F.3d 1146, 1156 (9th Cir. 2008)).  Several different courts, including this Court, have concluded that a dismissal based on res judicata may constitute a strike under the PLRA if the prior court's determination demonstrates that res judicata was a fully sufficient condition to warrant dismissal.  See, e.g., Ford v. Pierce, No. 2:17-cv-01928 DB P, 2018 WL 6809563, at *3 (E.D. Cal. Dec. 27, 2018), report and recommendation adopted, No. 2:17-cv-01928-JAM DB P, 2019 WL 224221 (E.D. Cal. Jan. 16, 2019); Robison v. Weingart Transitional Ctr., No. 2:18-cv-07067-VAP-KES, 2018 WL 6190325, at *5-6 (C.D. Cal. Aug. 29, 2012), report and recommendation adopted, 2018 WL 6697176 (C. D. Cal. Dec. 20, 2018) (action barred by collateral estoppel and dismissed for failing to state a claim, resulted in conclusion that action constituted a strike under the PLRA); Belanus v. Clark, 796 F.3d 1021, 1027 (9th Cir. 2015) (case barred by statute of limitations constituted a dismissal for failure to state a claim and constituted a strike under the PLRA); Higgins v. Carpenter, 258 F.3d 797, 801 (8th Cir. 2001)

---

[3] Indeed, the Ninth Circuit denied the defendant's motion to dismiss the appeal for lack of jurisdiction. (No. 06-16710, Doc. No. 13.)

1  (two prior dismissal on res judicata grounds constituted strikes under the PLRA); Cramer v.
2  Dickinson, No. 1:08-cv-00375-AWI-GSA-PC, 2013 WL 1192402, at *1 (E.D. Cal. Mar. 21, 2013),
3  aff'd, 586 F. App'x 381 (9th Cir. 2014) (concluding dismissal with prejudice on res judicata claims
4  constituted dismissal for failure to state a claim which qualified as a strike under the PLRA).

5  　　　Here, it is clear that the entire action in case no. 1:07-cv-01390-LJO-GBC was dismissed with
6  prejudice solely on the ground that the claim had been previously raised and was now barred by res
7  judicata.  Although the Court did not cite any specific grounds under the PLRA, the Court can look to
8  the reasoning provided to infer failure to state a claim.  The dismissal with prejudice in case no. 1:07-
9  cv-01390-LJO-GBC on res judicata grounds "rang the PLRA bells of frivolous, malicious, or failure to
10 state a claim."  El-Shaddai, 833 F.3d at 1042.

11 　　　In his opposition, Plaintiff argues that Magistrate Judge Newman recently found that this case
12 did not qualify as a strike.  On April 30, 2021, in the matter of Lamon v. Mey, case number 2:20-cv-
13 01474-TLN-KJN, Magistrate Judge Newman determined there was not enough information to find
14 that the dismissal in case no. 1:07-cv-01390-LJO-GBC qualified as a strike under the PLRA.  (ECF
15 No. 43.)  However, on June 2, 2021, Magistrate Judge Newman issued an order vacating the April 20,
16 2021 Findings and Recommendation and indicated he would reconsider the argument as to whether
17 case no. 1:07-cv-01390-LJO-GBC constituted a strike under the PLRA.  (ECF No. 46.)  On June 30,
18 2021, Magistrate Judge Newman issued new Findings and Recommendations finding that the
19 dismissal of case no. 1:07-cv-01390-LJO-GBC on res judicata grounds "rang the PLRA bells of
20 frivolous, malicious, or failure to state a claim."  (ECF No. 48 at 8) (citation omitted).  To the extent
21 Plaintiff is seeking reconsideration of the Court's ruling in Lamon v. Mey, case number 2:20-cv-
22 01474-TLN-KJN, Plaintiff cannot do so in this action.  See Federated Dep't Stores v. Moitie, 452 U.S.
23 394, 398 (1981) (an alleged erroneous judgment must be corrected by direct review and is not subject
24 to collateral attack).  In addition, there a final ruling in that case for reconsideration.  Accordingly, this
25 case constitutes a strike under § 1915(g).
26 ///
27 ///
28 ///

### D.     Lamon v. Stockman, No. 1:98-cv-06089-OWW-LJO (E.D. Cal.)

In Lamon v. Stockman, No. 1:98-cv-06089-OWW-LJO, the Court dismissed Plaintiff's third amended complaint on February 25, 2000, for failure to plead facts sufficient to state a claim upon which relief could be granted. Plaintiff failed to file a fourth amended complaint, and the case was dismissed on August 17, 2000, for failure to prosecute.

In Harris v. Mangum, 863 F.3d 1133 (9th Cir. 2017), the Ninth Circuit held, "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). Id. at 1143. The Court found, "failure to file an amended complaint did not negate the determination already made by the court that the complaint he had filed, and on which he effectively elected to stand, failed to state a claim. It also does not matter whether the dismissals were with or without prejudice. Id. at 1142. Based on the reasoning in Harris, this case constitutes a strike.

### E.     Lamon v. Allison, No. 2:18-cv-2218 TLN CKD P

In addition to the above cases, the Court takes judicial notice of case no. 1:18-cv-2218, which was filed in this Court by Plaintiff on August 15, 2018. On February 21, 2020, Findings and Recommendations were issued recommending that the action be dismissed for Plaintiff's failure to follow court orders. (Case No. 18-2218, ECF No. 35.) It was specifically determined that Plaintiff's second amended complaint disregarded previous orders finding that Plaintiff's early complaints did not meet the short and plain requirement under Federal Rule of Civil Procedure 8. (Id., ECF No. 35 at 3-4.) On May 12, 2020, the Findings and Recommendations were adopted in full. (Id., ECF No. 43.) Plaintiff filed a notice of appeal which is pending before the Ninth Circuit Court of Appeals. (Id., ECF No. 47.)

In Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013), the Ninth Circuit found that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)[ ]." 738 F.3d at 1110 (emphasis in original). As in Knapp, the Court dismissed case No. 2:18-cv-2218, following Plaintiff's repeated violation of Rule 8(a)'s "short and plain statement" requirement. Thus, case No. 2:18-cv-2218 is a strike pursuant to § 1915(g). The fact that Plaintiff's appeal of such ruling is

pending does not change this finding.  See Coleman v. Tollefson, 575 U.S. 532, 537 (20150 ("A prior dismissal on a statutorily enumerated ground [in 28 U.S.C. § 1915(g)] counts as a strike even if the dismissal is the subject of an appeal."); see also Kanin v. Mey, No. 1:20-cv-01474-TLN-KLN (E.C. Cal. June 30, 2021) (finding case no. 2:18-cv-2218 TLN CKD P constitutes a strike under § 1915(g), ECF No. 48.

Based on the foregoing, the Court finds that Plaintiff has incurred three or more strikes under § 1915(g) prior to filing the instant action.  Consequently, Plaintiff's *in forma pauperis* status must be revoked unless Plaintiff was in "imminent danger of serious physical injury[.]" 28 U.S.C. § 1915(g).

### F.     Imminent Danger

The imminent danger exception to the three-strikes rule of § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. Andrews, 493 F.3d at 1053.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.  Thus, the availability of this "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053. The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "[V]ague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

The Court has reviewed the allegations made in Plaintiff's complaint and finds that he does not meet the imminent danger exception.  In screening Plaintiff's complaint, the Court found that Plaintiff's allegations, liberally construed, stated the following retaliation claims: (1) housing Plaintiff

with inmate Romero against Defendants Jones, Moffett, Moore, Alvarez, Eaker, Gonzalez, Rivera-Sierra, Ronquillo, Luna, and Ramirez because he filed complaints and/or inmate grievances; (2) destruction of Plaintiff's property on May 17, 2016, because he filed complaints and/or grievances against Defendants Eaker, Moffett, Moore, Ramirez, and Goss; (3) issuance of a false RVR against Defendants Bennett-Beach, Velasco and Goss because Plaintiff exercised his rights under the First Amendment; and (4) destruction of personal property on October 31, 2016 because he exercised his rights under the First Amendment against Defendants Alvarez, Gonzalez, Jones, Luna, Moffett, Moore, Rivera-Sierra and Ronquillo.  All of these alleged actions took place long before Plaintiff filed this matter on June 25, 2020, thus Plaintiff was not in imminent danger at the time he filed suit based on his First Amendment retaliation claims.

The Court also found that Plaintiff stated "a cognizable failure to protect claim against Defendants Corona, Loera, Ramirez, Eaker and Luna for disclosing the contents of Plaintiff' inmate grievances to inmate-porters, resulting in Plaintiff being labeled a 'snitch.' Plaintiff also states a cognizable failure to protect claim against Defendants Jones, Moffett, Moore, Alvarez, Ronquillo, Luna, Rivera-Sierra and Clare for housing him with inmate Romero who attacked Plaintiff."  These claims are also occurred at some earlier time, and do not demonstrate that Plaintiff was in imminent danger at the time he filed the initial complaint. See Andrews, 493 F.3d at 1055 ("Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.1999) (finding failure to protect allegations against prison officials who put an inmate convicted of sexual battery in general population failed to meet imminent danger standard because the threat had ceased prior to filing the complaint and there were no allegations that plaintiff was in imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998) ("Allegations that the prisoner faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."); cf. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 n.1

(3d Cir. 2001) (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger). Plaintiff's assertions that he was retaliated and subjected to assault in 2006 are insufficient, without more, to show an ongoing pattern of behavior by other inmates or by any of the named Defendants that Plaintiff alleges placed him in imminent danger of serious physical injury.

Lastly, the Court found that Plaintiff stated cognizable state law claims for violation of the Bane Act, codified at California Civil Code § 52.1, and for intentional infliction of emotional distress. These claims, even liberally construed, do not demonstrate that Plaintiff was in imminent danger when he filed the initial complaint on June 25, 2020.

Therefore, based on the allegations of Plaintiff's complaint, the Court finds it is not plausible that he faced an imminent danger of serious physical injury at the time he filed this action and Plaintiff does not assert otherwise. Consequently, Plaintiff's *in forma pauperis* status must be revoked and Plaintiff should be required to pre-pay the $400.00 filing fee in order to proceed with the instant action.

## IV.
## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for an order revoking Plaintiff's *in forma pauperis* status, (ECF No. 39), be GRANTED; and
2. Plaintiff be required to pay the $400.00 filing fee in full for this action, within thirty (30) days from the service of the District Judge's order adopting these findings and recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21)** days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) ).

IT IS SO ORDERED.

Dated:   **August 13, 2021**

UNITED STATES MAGISTRATE JUDGE