# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et.al.,<br><br>    Defendants. | Case No.: 1:20-cv-00896-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL<br><br>(ECF No. 53) |

Plaintiff Barry Louis Lamon is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 23, 2021, Plaintiff filed a notice to voluntary dismiss this action. (ECF No. 53.) Plaintiff states, "I am going to voluntarily dismiss this case in this court, and pursue it and other related claims, continuing interference and retaliation against me by CDC personnel, in the state courts." (ECF No. 53 at 2.) Plaintiff requests that Court dismiss the case, and vacate his earlier requests for the Court to take the funds directly from his prison trust account. (Id.)

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). The Ninth Circuit has held that Rule 41(a) allows

1

a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).

Although Plaintiff may voluntarily dismiss this action under Rule 41, he remains obligated to pay the entire filing fee "in increments," Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015); see also 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."). Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914. Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018) citing Green v. Bank of America, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41 (a)). The Prison Litigation Reform Act ("PLRA") has no provision for return of fees that are partially paid or for cancellation of the remaining fee. Slaughter, 2007 WL 1865501, at 1 (citing Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded pro se and in forma pauperis were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals)).

Voluntary dismissal does not entitle a litigant to a refund of the filing and docketing fees. Porter v. Dep't of Treasury, 51 V.I. 1212, 1216 (3d Cir. 2009). Under the PLRA, once a prisoner is granted leave to proceed *in forma pauperis*, the prisoner is obligated to pay the fees in full. Porter, 51 V.I. at 1218 n.4. The filing fee is assessed for the privilege of initiating the matter, without regard to the subsequent disposition. Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997), as revised (July 23, 1997). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.' " Goins, 241 F.3d at 261. Plaintiff filed this action which triggered the obligation to pay a filing fee cannot be discharged because he subsequently wishes to voluntarily dismiss the action. Here, the Court granted Plaintiff's request for leave to proceed in forma pauperis, obligating him to pay the filing fee in full through monthly payments. (ECF No. 7); 28 U.S.C. § 1915(b)(1). Then, on August 13, 2021, the undersigned issued Findings and Recommendations recommending that Defendants' motion

to revoke Plaintiff's *in forma pauperis* status be granted as Plaintiff has suffered three or more strikes under § 1915(g).  (ECF No. 50.)

Because it is unclear whether Plaintiff wishes to dismiss this action, notwithstanding the requirement that he continue to pay the filing fee for this action, the Court will grant Plaintiff twenty-one days to file a supplemental motion to voluntarily dismiss the action, if so desired.

Accordingly, it is HEREBY ORDERED that:

1. Within **twenty-one (21)** days from the date of service of this order, Plaintiff may file a supplemental motion to voluntary dismiss this action; and
2. The failure to file a supplemental motion within the allotted time frame will result in a recommendation to deny Plaintiff's motion to voluntarily dismiss the action.

IT IS SO ORDERED.

Dated:   **August 24, 2021**

UNITED STATES MAGISTRATE JUDGE